# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAEIL FARSHI,<br><br>                Petitioner,<br><br>  vs.<br><br><br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security, et al.,<br><br>                Respondents. | CASE NO. 11cv1474-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING PETITION FOR HEARING ON NATURALIZATION PETITION;**<br><br>**ORDER RE: *EX PARTE* COMMUNICATIONS; AND**<br><br>**ORDER OF DISMISSAL** |

On July 5, 2011, Petitioner filed a petition for a hearing on a naturalization application pursuant to 8 U.S.C. § 1447(b), along with a motion for leave to proceed *in forma pauperis* (IFP).

The IFP motion is a completed form, with Dr. Farshi's answers to questions typed in. The motion says Dr. Farshi has been unemployed since November 15, 2008, and has no assets of any kind. It states his bank accounts are overdrawn: the checking account has a balance of negative $1900 and the savings account has a balance of negative $98 It states the amount owed on Dr. Farshi's car is negative $4,500. Among the debts are a substantial amount of credit card debt, a large "Mortgage debt because of foreclosure to bank," and a

substantial "loan to people." It says Dr. Farshi lives with his parents and they are paying his expenses.

The answers provided in the form motion are inconsistent and somewhat confusing, possibly due to misplaced minus signs and ambiguity about whether money is owed or owing. Obviously, Dr. Farshi does not owe a negative amount of money on his car loan, so apparently he is using the minus sign either to indicate a debt or to mark the space between the end of the question and his answer. While some banks will allow customers to overdraw their checking accounts, it is unclear how Dr. Farshi came to overdraw his savings account, unless, as with the car loan, he has used the minus sign for some other purpose. In that case, he would have a positive balance in his savings account of $98 and probably also a positive balance in his checking account of $1900.

The remark about the mortgage is likewise unclear. If the bank took Dr. Farshi's home in foreclosure, it is unclear why he still owes a large amount of money on it.

Finally, the motion's statement that Dr. Farshi's debts include a substantial "loan to people" is unclear, and affects the merits of the motion. If as the motion states he has made a loan or loans in such a large amount <u>to</u> various people, that is an asset, not a debt. And because it is such a substantial asset, it would lead the Court to deny IFP status unless some further explanation is given explaining why the loan is uncollectible or otherwise worthless. On the other hand, it may be that Dr. Farshi means he has taken loans <u>from</u> various people, in which case this would be true debt.

The result is that, as the IFP motion stands, the Court lacks sufficient information to conclude that the standard set forth in 28 U.S.C. § 1915(a) is met. Ordinarily, the Court would deny the motion without prejudice and give the Petitioner an opportunity to amend his IFP motion. But here, it is clear his petition lacks merit.

The Petition is brought under 8 U.S.C. § 1447(b). Petitioner alleges that he is entitled to have his naturalization application adjudicated because the examination provided for under 8 U.S.C. § 1446 has been held, and the 120-day period has passed. The Petition, however, establishes conclusively that the examination was scheduled, but then was

canceled and has <u>not</u> been conducted. (*See* Pet., ¶ 2.) The Petition also attaches copies of notices from USCIS, including an official cancellation notice. The allegations say the scheduled examination was canceled because Dr. Farshi's background check had not been completed. Under § 1447(b), the 120-day period begins to run on the date the examination is <u>conducted</u>, not the date it is originally <u>scheduled</u>. *See United States v. Hovsepian*, 307 F.3d 922, 932 (9th Cir. 2002) (discussing application of § 1447(b)). The normal practice of the USCIS is to wait until background checks are completed before conducting the examination. *Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1199 and n.1 (W.D.Wash., 2008) (noting regulation requiring that applicants be interviewed only after the FBI has completed its full background check, and the USCIS' current practice consistent with this regulation). It is therefore clear the Petition must be denied.

It has come to the Court's attention that Dr. Farshi attempted to contact the Court by using the Court's e-file address to send an email. The email message expresses impatience, upbraids the Court, and urges the Court to act quickly. Aside from Dr. Farshi's incorrect beliefs about the speed with which cases are adjudicated, the email is improper for two reasons. First, it is a misuse of the email address. The document in which the email address is published, this District's Electronic Case Filing Administrative Policies and Procedures Manual, § 2(h), explains that the e-file addresses are to be used only to submit proposed orders, and specifically says "**These e-mail addresses are not to be utilized to communicate with the Court unless otherwise permitted or when communications are solicited by the Court**." (boldface in original).

Second, Civil Local Rule 83.9 and paragraph 14 of the chambers standing order both forbid sending unauthorized *ex parte* communications to the Court. Implicit in the email's urgency is the understanding that any further delay is unreasonable, *i.e.*, that Petitioner has been waiting long enough and it is time his application was processed. Obviously, these are disputed matters. The proper way to seek relief in such a situation is to file a motion in the docket, where it will be known to all parties.

/ / /

1 | The IFP motion is **DENIED**, and the Petition is **DENIED**.  This action is **DISMISSED**
2 | **WITHOUT LEAVE TO AMEND.**
3 |
4 | **IT IS SO ORDERED**.
5 | DATED:  August 9, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge